369 P.2d 968

Henrietta Helen BROWN, as Widow and as Administratrix of the Estate of Orville H. Brown, deceased, Plaintiff-Appellee,

v.

GENERAL INSURANCE COMPANY OF ` AMERICA, Defendant-Appellant.

No. 6979.

Supreme Court of New Mexico.

March 20, 1962.

Gilbert, White & Gilbert, Santa Fe, for appellant.

Edward J. Apodaca, Gerald D., Fowlie Phillip D. Baiamonte, J. Victor Pongetti, Albuquerque, for appellee.

COMPTON, Chief Justice.

This is an action for workmen's compensation benefits. The claimant is the widow of Orville H. Brown whom she alleged died as the result of a heart attack arising out of and in the course of his employment by appellant. Appellant denied any causal connection between the death of Brown and his employment. The cause was tried to a jury and judgment was entered on a verdict for claimant. On appeal, appellant seeks a reversal of the judgment and a new trial on the grounds that the only evidence tending to support the verdict was either inadmissible hearsay or incompetent.

On June 2, 1958, Orville Brown, aged 44, accepted employment with appellant as a multiple line inspector. He had previously been a warehouseman, stationary engineer and fireman, building inspector and boiler and machinery inspector. His new duties were to include the performing of insurance risk and government authority inspections upon boilers, stationary machinery, elevators and buildings generally in and about New Mexico. A pre-employment physical examination on June 2, 1958, showed him to be in good health. Pursuant to orders he

arrived in Seattle, Washington, the home office of appellant, on June 8, 1958 for a two-week training or orientation course prepared especially to fit his particular training needs, and was provided with accommodations at a hotel across the street from the home office. He received instruction from different members of the home office personnel on various phases of the insurance business, including field inspection work, five days a week from 8 a. m. to 4:30 p. m. with 45 minutes for lunch. He was furnished with related material to read on his own time.

Toward the end of the second week of the training course, either late on the night of Thursday, June 19th, or early in the morning of Friday, June 20th, Brown was awakened from sleep suffering from what was diagnosed the following day as a coronary occlusion and was hospitalized. Decedent told the treating physician where he was employed and the reasons for seeking medical help, but made no statements concerning his work in the training course. The claimant arrived at his bedside on Saturday night, June 21st, and remained with him until his death on July 2nd, during which time she was able to talk with him. An autopsy revealed progressive arteriosclerosis of the coronary arteries of some duration. The cause of death is not disputed. Also undisputed is the fact that except for one evening spent at dinner with a member of the home office staff, no one was able to testify of their own knowledge how decedent occupied himself out of his regular training hours.

The claim for compensation is based upon physical and emotional strain due to the unusually severe nature of decedent's training course alleged to be the proximate cause of the heart attack resulting in his death. In support thereof there was admitted in evidence, over objection, (a) declarations made orally and in writing by decedent to his wife both before and after the heart attack concerned with how hard he had to work day and night and his great desire to succeed at the job; (b) declarations allegedly made by an employee of appellant; and (c) testimony of a former employee of appellant, whose position was filled by decedent on the witness' resignation, and relating to the orientation course taken by the witness 3 years previously in addition to his opinion regarding the rigor of decedent's training course.

It is appellant's first contention on appeal that the declarations of decedent to his wife were pure self-serving inadmissible hearsay and that they should have been excluded by the trial court. The claimant testified that she knew how many hours, day and night, decedent was working, the type of work he was doing and the exertion he was undergoing in the training course as the result of her conversations with him while he was in the hospital, from his letters to her and

from telephone calls. She was then permitted, over objection, to testify to conversations she had with decedent while he was in the hospital, 3 days or more after the heart attack, as follows:

"A. My husband said he had worked very hard. He said he had never worked so hard in his life as in the past two weeks. He had worked in the day time. He had to learn appraising, bidding, all of these different sorts of things that he did not know anything about. He said he had to study each night books and he studied late every night until one or two o'clock in the morning to be ready for the next day to go in and to be questioned and to learn policy. He said he did know whether he was going to be able to absorb all of this. It was so much responsibility. He said the appraising alone was a worry to him because he understood that if he would overbid on a job and cost General Insurance thousands of dollars because he was an inexperienced man, he did not know how to appraise. Then he said he was very nervous and worked up over this course and he was so worried because he said 'I want this job so badly, and I want to make a good record up here.' "

This testimony was unquestionably hearsay and self-serving and was offered to prove the truth of the statements contained therein. Unless its admission properly comes within an exception to the hearsay rule, the court below erred in not excluding it. No contention is made by appellee, and properly so as we view it, that the declarations were admissible under any well-recognized exception to the hearsay rule.

It is interesting to note that both appellant and appellee seek strong support from the case in In re Roeder's Estate, 44 N.M. 429, 103 P.2d 631, wherein this court, in admitting the declarations of a deceased testator in order to determine whether a page had been substituted in the will offered for probate, found that while the declarations did not fall within any of the clearly defined exceptions to the hearsay rule, under the circumstances of that case the declarations met the requisites of "necessity" and "circumstantial guarantee of trustworthiness," two principles considered as prerequisites to the admission of all hearsay testimony under exceptions to that rule. 5 Wigmore on Evidence, 3d ed., § 1420. Dallas County v. Commercial Union Assurance Co. (U.S.C.A. 5th Cir. 1961), 286 F.2d 388; Whittaker v. Thornberry, 306 Ky. 830, 209 S.W.2d 498.

This court was not called upon in the Roeder case to decide if "necessity" alone, by virtue of declarant's death, was sufficient grounds for the admission of the declarations. We said there:

"* * * Admission, therefore, if at all, must be based upon one of the more controversial exceptions as judged from

the necessity and trustworthiness angles."

The situation there was found to be analogous to will contests on the grounds of forgery where evidence is offered to show that what is sought to be probated as a testator's will is in fact not his will, since forgery may consist in alteration of an existing instrument, and authorities were cited to support the admission of such declarations to show pre-existing testamentary design. In will contest cases the necessity is clear for the testator is dead. The special reliability or trustworthiness, in most cases, is strongly supported by his firsthand knowledge and his lack of selfish interest. McCormick on Evidence, § 271, pp. 576–577. Nor was "necessity" alone the basis of our decision in Barney Cockburn & Sons v. Lane, 45 N.M. 542, 119 P.2d 104, where the declarations of decedent fell within the clearly defined exception to the hearsay rule relating to "state of mind" when in issue, and were found to be corroborative of other evidence of decedent employee's previous acts. See Texas Employers' Insurance Association v. Chunn, Tex.Civ. App., 274 S.W.2d 939; American General Insurance Co. v. Jones, 152 Tex. 99, 255 S.W.2d 502; and Raborn v. Hayton, 34 Wash.2d 105, 208 P.2d 133. Nor was "necessity" alone the basis of our decision in Hamilton v. Doty, 65 N.M. 270, 335 P.2d 1067, where the hearsay admitted went to the extent and duration of claimant's disability and was corroborative of medical and other testimony.

Appellee urges that the doctrine of liberal construction of workmen's compensation acts, as previously expressed by this court, is pertinent in this case. It is to be noted, however, that in all of the cases cited by appellee on this doctrine of liberal construction, it has been applied to the interpretation of the Act, and in a few cases to the weight and sufficiency of the evidence, but not to the rules of evidence. As stated in Hamilton v. Huebner, 146 Neb. 320, 19 N.W.2d 552, 163 A.L.R. 1, by the Supreme Court of Nebraska:

"The rule of liberal construction of the Workmen's Compensation Act applies to the law, not to the evidence offered to support a claim. The rule does not dispense with the necessity that claimant prove his right to compensation * * * nor does it permit a court to award compensation where the requisite proof is lacking."

The case of Devlin v. Department of Labor and Industries, 194 Wash. 549, 78 P.2d 952, cited by appellee as an example of liberal construction of the Washington State Workmen's Compensation Act, which it was contended would have admitted the hearsay testimony complained of here, was decided under one of the well-defined exceptions to the hearsay rule admitting the hearsay statements made by the workman.

as a part of the res gestae because spontaneously uttered.

While recognizing the trend toward a greater admissibility of declarations of deceased persons where the same information cannot be obtained in a more purified or authentic form, we have not found nor has there been brought to our attention any workmen's compensation case in which, under circumstances similar to the case at bar, the declarations of a decedent have been admitted on the ground of necessity alone because it was the only available evidence bearing on the issue. Necessity alone has never been considered as a sufficient reason of itself to open the door to hearsay evidence. 2 Jones on Evidence, 5th. ed., § 272.

 Judging the admissibility of the decedent's extra-judicial declarations to his wife in this case, then, from the angles of necessity and trustworthiness, what do we find? The necessity is clear for the declarant is dead. But death of a declarant of hearsay does not *in itself* render admissible testimony which would otherwise be excluded. American General Insurance Co. v. Jones, supra, Read v. Carver, Tex.Civ.App., 283 S.W.2d 284; 20 Am.Jur., Evidence, § 608; 31 C.J.S. Evidence § 205. Hearsay evidence offered to establish the truth of the facts asserted therein, as in this case, has generally been held inadmissible. Palin v. General Construction Company, 47 Wash. 2d 246, 287 P.2d 325; Dallas County v.

Commercial Union Assurance Co., supra; McCord v. Ashbaugh, 67 N.M. 61, 352 P.2d 641. Noting the exceptions to the rule, the author at 5 Wigmore, Evidence, § 1422 (3rd ed.) makes the following comments:

"a. Where the circumstances are such that a sincere and accurate statement would naturally be uttered, and no plan of falsification be formed;

"b. Where, even though a desire to falsify might present itself, other considerations, such as the danger of easy detection or the fear of punishment, would probably counteract its force;

"c. Where the statement was made under such conditions of publicity that an error, if it had occurred, would probably have been detected and corrected."

 That the declarations here are in the nature of purely self-serving statements is obvious. Self-serving declarations regardless of relevancy or materiality are incompetent. Nichols v. Sefcik, 66 N.M. 449, 349 P.2d 678. Nor does it appear from the record that anyone else heard them or had knowledge of the facts contained therein, including the physician to whom decedent went for treatment and diagnosis and under whose care he remained until his death. There is no basis for believing that he would have endangered his employment by statements made to his wife, nor do we find any other circumstances negating any

intent to fabricate in order to lend a degree of trustworthiness to decedent's declarations. In Krug v. Mutual Beneficial Health & Accident Association, 120 F.2d 296 (CCA 8th Cir.), an action by a widow to recover accidental death benefits under insurance policies because of a fatal fall in which the defense was death from cerebral hemorrhage due to leukemia, the court excluded statements made by decedent to his doctor, his wife, brother and daughter that he had sustained a fall when the evidence that he fell was circumstantial. See also Spiegel's House Furnishing Co. v. Industrial Commission, 288 Ill. 422, 123 N.E. 606, 6 A.L.R. 540 and Bean v. Hardware Mutual Casualty Co., Tex.Civ.App.1961, 349 S.W.2d 284, a very recent case in which the court excluded testimony of widow of decedent as to what he told her on the evening of the morning of his injury.

In view of what has been said above, we hold that the court below erred in admitting the declarations of the decedent, and that their admission was prejudicial to appellant since the hearsay testimony was reasonably calculated to cause, and may have caused, the rendition of an improper verdict. For this error alone the judgment is reversed and a new trial ordered.

In order that the issues on this appeal will not again come before this court as a result of another trial, we find it necessary to rule upon the remaining points of error raised by appellant.

Appellant contends further that the court erred in admitting into evidence the declarations of a Miss De Voe, one of decedent's instructors, a supervisor in the boiler and machinery department, who had been with appellant company for over 18 years. While her deposition was taken in Seattle at the request of appellee, it was introduced in evidence by appellant and the testimony set forth in detail her part in the decedent's orientation course. However, there was no testimony tending to indicate she ever had any conversations with the appellee. After the testimony was admitted, appellee was allowed to testify, over objection, regarding conversations which she had with the instructor, as follows:

> "A. I mentioned to Mrs. De Voe that my husband had been working very hard, and he was very nervous and upset about this course, and she said, 'Yes, I know he was. He was up at 3:30 in the morning studying for the test I was (to) give him that day.'
>
> * * * * * *
>
> "A. * * * she said 'We were very worried because we thought we were working him too hard!' "

When this testimony was offered, strenuous objection was made by appellant to its admission on the grounds that if intended to impeach the testimony of Miss De Voe

no proper foundation had been laid and, further, that if it was not intended as an impeaching conversation, it was inadmissible hearsay since there was no showing that the witness was in any way authorized by the company to make such statements. It was at this point that appellee restricted the offer of the testimony to showing prior conflicting statements of the witness as a result of which we must conclude its admission was allowed for this purpose and are bound in our review to the rules of impeachment relating thereto. This leads to but one conclusion. A proper foundation was not laid for the impeachment of the witness. It is required that a witness to be impeached shall be given the opportunity of admitting or denying that the inconsistent statements were made by him and, if admitted, an opportunity to explain the reasons therefor. Section 20–2–2, N.M.S.A., 1953, so provides and this court has so held in Maestas v. Christmas, 63 N.M. 447, 321 P.2d 631, Lopez v. Atchison, Topeka & Santa Fe Railroad, 60 N.M. 134, 288 P.2d 678 and Nichols v. Sefcik, supra.

Because this rule was intended as a protection to the witness and not the parties, State v. Carabajal, 26 N.M. 384, 193 P. 406, 17 A.L.R. 1098, we find no reason to hold otherwise because the witness was unavailable at the trial. The impossibility of laying a foundation because the witness was absent at the trial or her attendance was not procured should not waive the rule requiring it. Clay v. Sammons, Ky., 239 S.W. 2d 927; 6 Jones on Evidence, 2d ed., § 2411; 3 Wigmore on Evidence, 3d ed., § 1031.

■■ The final contention of appellant, that the trial court erred in admitting evidence of collateral transactions and opinions by one witness Shields who had held the same position for which decedent was training for 3 years immediately preceding decedent's employment, is without merit. From an examination of the record it would appear that the court below did not abuse its discretion in view of the fact there is sufficient evidence of a similarity in the circumstances and conditions of training and the employment itself to, at the very least, throw some light on the question in issue, which is the strenuousnous of the training course relating to the amount of practice training and study material required. The separate qualifications of both witness and decedent, as well as the differences in time and conditions, were before the jury. As stated by this court in Lopez v. Heesen, 69 N.M. 206, 365 P.2d 448, under our Rule, § 21–1–1(43) (a), which is the same as the Federal rule, the rule which favors the reception of the evidence governs, the basis being that any evidence which throws light on the question in issue should be admitted, leaving it to the trial court to hold the hearing within reasonable bounds. While this rule is subject to important qualifications, it was not intended to close any reasonable

avenues to the truth in the investigation of questions of fact. In doubtful cases the doubt should be resolved in favor of its admissibility. Mourikas v. Vardianos (CCA 4th Cir.), 169 F.2d 53. The admission of this particular evidence being within the discretion of the court, its decision will not be disturbed in view of the fact that the testimony had a legitimate bearing upon the questions at issue.

The judgment is reversed and the cause remanded for a new trial not inconsistent herewith.

It is so ordered.

CARMODY and MOISE, JJ., concur.

CHAVEZ & NOBLE, JJ., not participating.