[Civ. No. 9185. Fourth Dist., Div. One. Nov. 14, 1969.]

STEPHEN L. SMITH et al., Plaintiffs and Appellants, v. PATRICIA LOU SLIFER et al., Defendants and Respondents.

**COUNSEL**

Brown, Schall & Stennett and John L. Stennett for Plaintiffs and Appellants.

McInnis, Fitzgerald & Wilkey and Thomas E. Sharkey for Defendants and Respondents.

**OPINION**

**GRIFFIN, J.**\*—Hilda M. Smith, deceased, was the wife and mother, respectively, of plaintiffs Stephen L. Smith and Stephanie F. Smith, appearing through her guardian ad litem, Stephen L. Smith.

During the latter part of 1962 and in January 1963, Mrs. Smith rode to work daily with a neighbor, Patricia Lou Slifer, hereinafter referred to as defendant. They worked for different insurance companies but in the same building.

Defendant's husband was made a party defendant by reason of ownership in their car.

The complaint alleged in one count that deceased was a paying passenger riding in defendant's car and defendant was guilty of negligence.

---

\*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

In the second count they alleged that defendant drove the car in such a willful, wanton and reckless manner and with wanton disregard of possible consequences to Hilda M. Smith. Defendant's answer denied these allegations and alleged that deceased was a "guest and not a passenger for compensation" and denied defendant was guilty of negligence and raised the question of the assumption of the risk.

Mrs. Smith was killed as a result of an accident which occurred on January 10, 1963, at approximately 8 a.m. on Highway 395 between Robinson and Quince Streets in San Diego. Mrs. Slifer was driving the automobile in which Mrs. Smith was a passenger. Mrs. Slifer sustained a skull fracture from the collision and as a result suffered retrograde amnesia and was unable to remember the accident or the events leading up to it. However, she did testify she was not paid anything for transportation of the deceased.

Deputy Sheriff Van Ravensteyn was the only witness to the accident. He testified that he was in a vehicle proceeding south on Highway 395 behind the Slifer car when he saw a truck in front of Mrs. Slifer go partially off the paved portion of the road throwing up a cloud of dust and debris. The witness observed the Slifer car go out of control, swerve onto the grassy area which separated the north and southbound lanes and crash into a tree. Although the road was dry, the grass was wet and the car appeared to slide into the tree after the brakes were applied. Hilda Smith was dead upon arrival of the investigating officer at the scene of the accident.

Mrs. Slifer was called as a witness for plaintiff under section 776, Evidence Code, and testified that although Mrs. Smith paid the 60-cent parking fee downtown two or three times a week, there was no agreement between them concerning payment. She denied that Mrs. Smith paid anything in cash in compensation for her ride.

Walter Woodbury, the attorney who originally filed this action on behalf of the plaintiffs, testified that he had met Mr. Slifer in a neighborhood market some time after the accident and that Mr. Slifer told him that there was some arrangement concerning payment by Mrs. Smith for her ride, but he was not certain what the understanding was. Mr. Slifer denied making any such statement and testified that he did not recall the conversation with Mr. Woodbury. He also testified, under section 776 of the Evidence Code, that prior to the accident he never discussed with his wife what arrangement she had with the deceased about paying for any rides, but after the accident his wife told him there were no arrangements about monetary restitution for riding.

Plaintiffs attempted at the trial to introduce into evidence three statements made by decedent regarding compensation paid to Mrs. Slifer for transporting Mrs. Smith to and from work. This evidence was excluded

upon objection by defendant. The first statement was made by Mrs. Smith to her husband 1½ months prior to the accident. The declaration was to the effect that Mrs. Slifer ran out of gas on the way home from work but it was not decedent's fault since she had already paid Mrs. Slifer for her ride for that week.

The second statement, also to Mr. Smith, was made about Christmas time in 1962. Mrs. Smith told her husband that she had had to pay for parking that day but that she could take it from what she owed Mrs. Slifer for the coming week.

The third declaration sought to be introduced was made to Mrs. Smith's sister, Mrs. Beale. Decedent told Mrs. Beale she had to get change for a $20 bill so that she would have the correct change to pay Mrs. Slifer for her ride the next week.

It was stipulated that the statements made in the record would be considered as a formal offer of proof of these declarations.

Plaintiffs contend that the three statements made by Mrs. Smith should have been admitted into evidence as exceptions to the hearsay rule. They urge section 1250 of the Evidence Code for such action. It provides: "Statement of declarant's then existing mental or physical state. (a) Subject to Section 1252, evidence of a statement of the declarant's then existing state of mind, emotion, or physical sensation (including a statement of intent, plan, motive, design, mental feeling, pain, or bodily health) is not made inadmissible by the hearsay rule when: (1) The evidence is offered to prove the declarant's state of mind, emotion, or physical sensation at that time or at any other time when it is itself an issue in the action; or (2) The evidence is offered to prove or explain acts or conduct of the declarant. (b) This section does not make admissible evidence of a statement of memory or belief to prove the fact remembered or believed."

It might well appear that admission of somewhat similar declarations of present and future intentions is now well established in California.

The following specific rules govern application of the general rules stated in Evidence Code, section 1250, to the case at bar. ■ (1) Evidence of a statement of a declarant showing he intends to do an act is admissible in support of an inference he did the act, providing proof of the act is relevant to a material issue in the case. (Evid. Code, § 1250, subd. (a) (2); *Mutual Life Ins. Co.* v. *Hillmon,* 145 U.S. 285 [36 L.Ed. 706, 12 S.Ct. 909, 912-914]; *People* v. *Weatherford,* 27 Cal.2d 401, 421 [164 P.2d 753]; *People* v. *Alcalde,* 24 Cal.2d 177, 185, 188 [148 P.2d 627]; *Estate of McNamara,* 181 Cal. 82, 101 [183 P. 552, 7 A.L.R. 313]; *People* v. *Watson,* 198 Cal.App.2d 707, 721 [18 Cal.Rptr. 234].)

■ (2) Where the statement also shows the reason for which the declarant intended to do the act, and the reason is material to the case, the statement is admissible in support of an inference he did the act for that reason. (*Mutual Life Ins. Co.* v. *Hillmon, supra,* 145 U.S. 285 [36 L.Ed. 706, 12 S.Ct. 909, 913].)

(3) The act, and the reason for it, thus proven, may support other inferences relevant to proof of an ultimate fact basic to the case. (*People* v. *Weatherford, supra,* 27 Cal.2d 401, 423.)

In Witkin, California Evidence (2d ed., 1966) section 566, page 541, it is said: " 'From the declared intent to do a particular thing an inference that the thing was done may fairly be drawn. Such declarations have been deemed admissible where they possessed a high degree of trustworthiness. Where they are relevant to an issue in the case and the declarant is dead or otherwise unavailable the necessity for their admission has been recognized.' . . ." ■ (4) As to past events, subdivision (b) of section 1250 forbids admission of statements made of memory or belief of past events. The comment by the Assembly Committee on Judiciary following section 1250 of the Evidence Code, in West's Annotated Codes, relates that: "Section 1250(b) does not permit a statement of memory or belief to be used to prove the fact remembered or believed. . . . Any statement of a past event is, of course, a statement of the declarant's then existing state of mind—his memory or belief—concerning the past event. If the evidence of that state of mind—the statement of memory—were admissible to show that the fact remembered or believed actually occurred, any statement narrating a past event would be, by a process of circuitous reasoning, admissible to prove that the event occurred."

As to the first statement by Mrs. Smith, if the fact of payment had been established independently of the declaration then the statement she made the payment "for her ride for that week" would be evidence of her state of mind at the time the payment was made, i.e., her intention in making the payment. Stated otherwise, granting foundational proof a payment had been made by Mrs. Smith to Mrs. Slifer, a statement by Mrs. Smith after the payment in proof of her intention at the time of payment would be admissible. But, insofar as the statement in question is offered as evidence a payment was made the previous week, it might appear to be proscribed by sections 1250, subdivision (b) and 1251 of the Evidence Code.

However, in 6 California Law Revision Commission Reports, Recommendations and Studies, in 1964, it is said in Appendix page 508: "One exception to the rule that declarations of memory may not be used to prove past events has developed in the cases dealing with situations where intent, or some other mental state, was a material element of the former

act." (Citing cases holding that when intent is a material element of a disputed fact; declarations of a decedent made after as well as before an alleged act that indicate the intent with which he performed the act are admissible in evidence as an exception to the hearsay rule, and it is immaterial that such declarations are self-serving.)

In *People* v. *Alcalde, supra,* 24 Cal.2d 177, it is said: "No attempt need be made here to define or summarize all the limitations or restrictions upon the admissibility of declarations of intent to do an act in the future or to indicate what degree of unavailability or corroboration should exist in every case. Elements essential to admissibility are that the declaration must tend to prove the declarant's intention at the time it was made; it must have been made under circumstances which naturally give verity to the utterance; it must be relevant to an issue in the case." (P. 187.)

The statement by Mrs. Smith to Mr. Smith that it was not her fault Mrs. Slifer ran out of gas since she already had paid Mrs. Slifer for her ride for that week might be held to be inadmissible and hearsay under *Brown* v. *General Ins. Co. of America,* 70 N.M. 46 [369 P.2d 968] involving a workman's compensation claim. There, it was held that it was prejudicial error to admit evidence that a deceased workman had told his wife that he was working hard and worrying over a training course he was taking to qualify as inspector for the insurer, who employed him.

It was there said, at page 971: "Hearsay evidence offered to establish the truth of the facts asserted therein, as in this case, has generally been held inadmissible." [Citing cases.]

It was also there held that the court erred in admitting the declarations of the decedent, and that their admission was prejudicial. (P. 972)

Although there may be uncertainty as to the statement of a past act being admissible in the instant case, it is quite clear that the other two statements mentioned are admissible under the authorities cited. Accordingly, the order sustaining the objection to the admission into evidence of these two statements was erroneous and the judgment should be reversed. These declarations were not the only fact from which an inference could be drawn. Other facts were in evidence from which inferences could reasonably be drawn that some consideration did pass for her transportation, such as the length of time Mrs. Smith rode with Mrs. Slifer, the testimony of the former attorney for plaintiff that Mr. Slifer told him there was some arrangement concerning payment by Mrs. Smith for her ride, but he was not certain what the understanding was, and that on some occasions Mrs. Smith did pay for parking, etc.

It might well appear that this accumulation of facts pertaining to present

and future intentions would be admissible and competent evidence under the circumstances. This court could not determine that the result would not have been different should this evidence have been admitted.

Judgment reversed.

Brown (Gerald), P. J., concurred.

**COUGHLIN, J.**—I concur, but add the following:

The declaration by Mrs. Smith "she already had paid Mrs. Slifer for her ride for that week" is not admissible under Evidence Code, section 1251, and is proscribed by section 1250, subdivision (b) because it is a declaration to prove the existence of a past act, viz., payment by Smith to Slifer.

A petition for a rehearing was denied December 2, 1969.