## ILLINOIS OIL CO. et al. v. GRANDSTAFF et al.

No. 16623—Opinion Filed May 25, 1926.

**1. Master and Servant—Workmen's Compensation Law—When Injury Arises Out of Employment.**

Under the Workmen's Compensation Law, an injury arises out of the employment when there is apparent to the rational mind, upon consideration of all the evidence and circumstances, a causal relation between the conditions under which the work is required to be performed and the resulting injury.

**2. Same—Review of Award—When Mistrial Declared.**

Under section 7297, C. O. S. 1921, by which the Supreme Court has original jurisdiction to review the awards and decisions of the State Industrial Commission, and in the interest o. justice, this court may declare a mistrial when the award or decision cannot stand in law because the Commission disregarded a fundamental requisite.

**3. Same—Evidence on Fundamental Requisite — Reversal of Award for Further Hearing.**

Where the evidence before the State Industrial Commission on a fundamental requisite is vague, ambiguous, and unintelligible, so that it is not susceptible of judicial determination whether the same constitutes competent evidence to support the award, the decision will be reversed and remanded to the Commission to determine by further proceedings whether the facts as to such fundamental requisite did or did not exist.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from State Industrial Commission.

Action by Illinois Oil Company et al. to review an award of the State Industrial Commission in favor of L. E. Grandstaff. Reversed for further proceedings.

Burford, Miley, Hoffman & Burford, for petitioners.

George F. Short, Atty. Gen., Fred Hansen, Asst. Atty. Gen., for respondents.

Opinion by ESTES, C. This is a proceeding to review an award of the State Industrial Commission in favor of L. E. Grandstaff for $195 and medical services. The Commission found that the claimant was engaged in a hazardous occupation with-

in the meaning of the law and sustained an accidental injury arising out of and in the course of his employment. It is undisputed, as found by the Commission, that claimant sustained a compound comminuted fracture, requiring removal of a certain section of the cranuim; that he was temporarily totally disabled, and thereafter returned to light work, receiving the same wage as theretofore. There is competent evidence tending to show that he was employed by the oil company as a warehouseman and filling station operator; that on entering the warehouse in the morning and while writing an order for a barrel of gasoline, he suddenly fell sick, felt dizzy and rushed to the door for fresh air, became unconscious, and received said injury. The sole question presented is whether there is any evidence to support the award, under the rule that such award will not be reviewed on a question of fact determined by the Commission, except to determine whether, as matter of law, there is any evidence to sustain the same.

1. Petitioners deny that the injury arose out of the employment, insisting that there appeared no causal connection between the employment and the injury under said evidence. Cases like Marion Machine Foundry & Supply Co. v. Redd et al., 115 Okla. 30, 241 Pac. 175, are relied upon. In that case, claimant was seized with an epileptic fit, to which he was subject, in consequence of which fit he fell in such way that his hand was burned by a flame before he could be removed. The evidence did not establish the causal relation between the injury and the employment as a contributing proximate cause. That is, the evidence did not show, in that case, that the fit was caused by or had its origin in the risk or hazard connected with the employment and to have flowed therefrom as a rational consequence. It is the theory of the Attorney General, in support of the award of the Commission, that the gas fumes in the warehouse caused the dizziness, sickness, and unconsciousness of claimant, in consequence of which he fell and fractured his cranium. In the case cited, the following from the Massachusetts court is quoted with approval:

"It (the injury) 'arises out of' the employment when there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed, and the resulting injury."

2. 3. The Commission has jurisdiction of accidental injuries arising out of and in the course of certain employment. Without proof of such causal relation, the accident would not arise out of the employment and a quasi jurisdictional fact would be lacking. In addition to proving negligence or other material issues directly, it is well settled that proof may be made by circumstances, but the circumstances must be proved and not presumed. Schaff, Receiver, v. Ferry, 105 Okla. 259, 232 Pac. 407. It thus became necessary for claimant to adduce some competent evidence, at least by circumstances, tending to show the fact that there was gas in the warehouse, which caused claimant's sickness and unconsciousness. If this were done, his fall and injury might be directly and proximately in line of sequence as the result of the gas being so present, and thus the injury might arise out of the employment and there could be a causal relation between the employment and the injury. The commissioner who took the evidence on this claim overlooked the rule of law that there must be some competent evidence of such causal relation. Neither party was represented at the hearing before the Commission by counsel, nor is it so required by the law. Strict rules of procedure of courts of record do not obtain. We shall not here recite the evidence pertaining to the presence of the gas in the warehouse, but the evidence on this point is vague, ambiguous, and quite unintelligible. An intelligent and rational inference or finding on the evidence that was adduced could not have been made by the commissioner. The commissioner himself could have adduced some evidence by proper examination of certain witnesses, either that such gas was or was not present in the warehouse at the time, or could have determined that such alleged fact was not susceptible of proof. In Prairie Oil & Gas Co. v. King et al., 109 Okla. 213, 235 Pac. 522, it is held that where the conclusion of fact or rulings of law of the Commission are too indefinite and uncertain for judicial interpretation, the Supreme Court, on appeal from an award based thereon, cannot review the award or decision. The Commission sits as triers of the facts; the Supreme Court reviews only errors of law in such appeals. It reviews the evidence, not to determine the preponderance thereof, or to weigh and consider same, except for the sole purpose of determining whether, as matter of law, there is any competent evidence to support the award. The evidence on such issue of the presence of the gas is so vague, ambiguous, and unintelligible as not to be susceptible of judicial determination on review whether the same constitutes any competent evidence to support the findings and award. Section 7297, C. O. S. 1921, governing appeals from the Commission, provides, inter alia:

"The Supreme Court shall have original jurisdiction of such action, and is authorized to prescribe rules for the commencement and trial of the same."

A mistrial is an erroneous trial on the ground of some defect in the persons trying; an erroneous, invalid, or nugatory trial; a trial which cannot stand in law because of want of jurisdiction, or a wrong drawing of jurors, or disregard of some other fundamental requisite. 27 Cyc. 809. We held in Scruggs Bros. and Bill Garage v. State Ind. Com., 94 Okla. 187, 221 Pac. 470, that the court has authority, in furtherance of justice, to affirm the finding or award, or reverse with directions to modify the finding and award and to make such orders with reference to the matters involved as should have been made by, the Commission. In the instant case, the award is invalid and cannot stand in law because the Commission disregarded a fundamental requisite so as aforesaid. In such state of case this court cannot review the award because of such mistrial. In the exercise of original jurisdiction and power to prescribe rules, under said statute, and in the interest of justice, this court may declare a mistrial on review of an award or decision of the Commission.

The award herein is therefore reversed and, in the interest of justice, the cause remanded to the Commission for further proceedings not inconsistent herewith.

By the Court: It is so ordered.