[Civ. No. 22583.   Second Dist., Div. One.   Apr. 14, 1958.]

AUDREY J. BROWNING et al., Appellants, v. JOSEPH F. KING, Respondent.

Wolford, Johnson & Pike and George E. Pike for Appellants.

Spray, Gould & Bowers and Robert M. Maslow for Respondent.

DRAPEAU, J.*—Plaintiffs herein allege injuries sustained as a result of a rear-end automobile collision proximately caused by the defendant's negligence. The accident occurred about 5:30 p.m. on November 13, 1954, a dark but clear Sunday afternoon. The automobiles involved were a part of a long line of southbound traffic which had stopped at the time of the collision. There is evidence that the Buick driven by defendant collided with the rear of plaintiffs' Cadillac, and skidded some 36 feet before coming to rest. Plaintiffs' car, standing still at the moment, was caused to collide with an Oldsmobile stopped just ahead of plaintiffs' car, which latter car travelled about 10-12 feet after the impact. The Oldsmobile travelled about 15 feet.

Plaintiffs' Cadillac was registered in the name of Audrey J. Browning, but had been paid for with community funds. At the time of the accident it was being driven by one George Fiske, a friend who had accompanied Mr. and Mrs. Browning and three children on a trip to Palmdale. The two Brownings occupied the front seat with Fiske and the children were in the back seat. Severe injuries were alleged by both Mr. and Mrs. Browning, including a fresh fracture of Mr. Browning's right forearm through an old fracture site, with permanent injury of the ulna nerve.

It is appellants' contention that, "With the evidence on liability preponderantly in favor of both plaintiffs, with the evidence of injuries and damages to Audrey unimpeached and herself unimpeached as a witness, but with John's credibility as a witness somewhat impeached as to a 12-year-old injury, the jury nevertheless found against both plaintiffs. Such result was manifestly the result of prejudice of the jury against the plaintiffs because of the prejudiced suggestions through such examination and proof that John was an accident-prone, claims conscious, brawling and unrespectable citizen not deserving any consideration from the jury of relief against the nice old defendant and his wife."

In particular, this point is concerned with the testimony of a deputy sheriff to the effect that on October 30, 1954, 15 days before the accident in question, John Browning struck the deputy three times in the ribs with his right hand, and, with both hands handcuffed together, struck a fellow officer. The trial court overruled appellants' objection "in anticipation that he (defendant's counsel) will get down to the right

*Assigned by Chairman of Judicial Council.

hand. That is right. It is the right hand we are talking about." The purpose of this testimony, according to respondent's attorney, "is to show injury to the right arm."

Following this inquiry, John Browning was asked about an automobile accident in June, 1956, which occurred after the accident here in question and after John had had a bone graft, although there had been no new arm injury. There were also inquiries whether John had been involved in a rear-end collision in 1948, where he broke his ribs, although no rib injury was claimed in the present case; and, finally, whether John had had any "Accidents or fights where you were injured yourself." John recounted "a slight accident in the machine shop where I dropped a drill press on my left wrist right here."

In this connection appellants also point out that John Browning was interrogated as to whether "at the time of this accident, insofar as your driver's license was concerned, the Department of Motor Vehicles had put you on probation," to which objection was sustained. The record discloses other references to various accidents in which appellant had been involved, and as to certain alleged fist fights which John had had. John admitted "that I have had a few fights. Who hasn't?" Mr. Browning denied having had an accident in 1945 in which he had injured his right ulna, and was thereafter impeached by the introduction of an Industrial Accident Commission file showing such a claim and the payment of $800 therefor.

As stated in *Estate of Harvey*, 143 Cal.App.2d 368, 370 [299 P.2d 712]: "The appellate courts are required to reiterate from day to day, and with unremitting monotony . . . that the appellate courts cannot weigh the evidence to determine where the preponderance lies; that its duty begins and ends with a determination of whether there is any substantial evidence, contradicted or uncontradicted, which supports the finding of fact; and that when two or more inferences reasonably can be deduced from the evidence the reviewing court cannot substitute its own inferences for those of the trial court." In the present case, therefore, it is not proper to attempt a retrial or revaluation of the evidence. The record discloses abundant conflict, but it also reveals substantial evidence in support of the verdict.

Appellants' contention that by permitting detailed evidence of other accidents in which John Browning had been

involved; that Mr. Browning had struck a deputy sheriff several times, and had engaged in several fights, etc., prejudicial suggestions had been placed before the jury "that John was an accident-prone, claims conscious, brawling and unrespectable citizen not deserving any consideration," appears to possess merit.

Had the present case been tried without a jury, it may be that such a contention could be resolved by considering that the legally trained trial judge could and would overlook any incidental and irrelevant references to the plaintiff's character. But such is not the case. Here, a jury, empaneled to try issues of alleged negligence on the part of the defendant, was permitted to listen to a long series of evidential items calculated, intentionally or unintentionally, to provide a somewhat unsavory character picture of the plaintiff John Browning. It is impossible to view this situation in the light of harmless error, and its impact on the members of the jury panel cannot have been negligible.

It is conceded by the appellants that evidence of other injuries sustained by a plaintiff may in a proper case be admissible in respect to the matter of damages. But the present record, viewed in its entirety, goes very much further than this, and provides not one, but many instances interspersed throughout the trial, which might lead the jury to believe that plaintiff's "accident-prone, claim conscious, brawling" character was a decisive factor in the case, or at least create a strong prejudice against him. Such a situation is one in which an appellate court should give relief.

The present case is not unlike *Lowenthal* v. *Mortimer*, 125 Cal.App.2d 636, 638 [270 P.2d 942], where plaintiff was cross-examined about some 15 other lawsuits and accidents. Although an objection was sustained and the jury instructed to disregard the matter, the reviewing court said: "Nevertheless the jury heard the foregoing, and it undoubtedly added cumulatively to the hostility ordinarily felt against one who constantly required services of a court of law for the adjustment of life's problems. The cross-examiner must not inject insinuations into the case for the purpose of appealing to prejudices, or go outside of the issues of the case."

Plaintiffs are clearly entitled to a trial free from such dangerous implications. Respondent's assertions that any objection to the introduction of such evidence had been waived, is untenable. In view of the foregoing determination

that appellants are entitled to a new trial, it becomes unnecessary to discuss the further points raised in appellants' briefs.

The judgment is reversed and the cause remanded for a new trial.

White, P. J., and Fourt, J., concurred.