Oscar G. **PHILLIPS** et al., Appellants,

v.

Joseph C. **KITT**, Appellee.

No. 16042.

United States Court of Appeals
District of Columbia Circuit.

Argued April 7, 1961.

Decided April 27, 1961.

Messrs. Donald Cefaratti, Jr., and Robert J. Stanford, Washington, D. C., for appellants.

Mr. Allan C. Swingle, Washington, D. C., for appellee.

Before BAZELON, BASTIAN and BURGER, Circuit Judges.

PER CURIAM.

Appellants [plaintiffs] filed suit against appellee [defendant] in the District Court, seeking to recover for property damage and personal injuries resulting from an automobile collision. From a judgment in favor of appellee, they appeal.

The first assigned error is that the trial judge, after charging the jury, did not invite objections to the charge. The fact is that, at the conclusion of his charge, the judge asked: "Are there any objections or suggestions? If so, counsel may come to the bench." At the bench, counsel for appellants made a suggestion which the court adopted, and so instructed the jury. After the supplemental instruction, the court instructed the jury to retire.

Appellants complain that "[a]fter objections to the instructions of [the trial judge], he corrected his first instruction as to an arithmetical error, and in so doing, by his gesture and intonation, told the jury that the husband testified that his business was reduced by 40%, which statement has no foundation in the record. The effect of this instruction was to discredit completely the husband."

 Counsel failed to object or make further suggestions at the conclusion of the supplemental instruction[1] and now

---

1. Fed.R.Civ.P. 51, 28 U.S.C.A., provides in part: "No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to

claims that he was given no opportunity to do so. We think he was under the duty to object and, even at the risk of incurring the displeasure of the trial court, to insist upon his objection. Having failed to do so, it is too late to urge this as error here. Butler v. United States, 1951, 88 U.S.App.D.C. 140, 141, 188 F.2d 24, 25; Billeci v. United States, 1950, 87 U.S.App.D.C. 274, 184 F.2d 394, 24 A.L.R.2d 881.

■ Appellants further claim error in the fact that appellee was permitted to cross-examine the appellant husband at some length with respect to certain previous accidents in which he [the husband] was involved. Assuming, without deciding, that this cross-examination was improper, we are convinced there was no prejudicial error.

We have examined the other contentions of appellant and find no error. The judgment of the District Court is therefore

Affirmed.

which he objects and the grounds of his objection. Opportunity shall be given to

make the objection out of the hearing of the jury."