Knight and another, Appellants, v. Hasler and another, Respondents.

*April 27—June 2, 1964.*

For the appellants there was a brief and oral argument by *Burton A. Strnad* of Milwaukee.

For the respondents there was a brief by *Wickham, Borgelt, Skogstad & Powell,* attorneys, and *Clayton R. Hahn* of counsel, all of Milwaukee, and oral argument by *Mr. Hahn.*

DIETERICH, J.   There are two issues raised on the instant appeal: (1) Whether the trial court committed prejudicial error in allowing testimony as to the plaintiff Ruth Knight's prior accidents, injuries, and claims; and (2) whether there is credible evidence to support the jury's verdict.  Because we

have determined that the case must be reversed on the first of these issues, it is unnecessary to discuss the evidence pertaining to the accident itself. Suffice it to say that both parties gave contradictory versions of the facts, and that defendant Hasler's testimony at the trial contradicted earlier statements made by him to police officers shortly after the collision occurred.

After plaintiff Ruth Knight had testified on direct examination as to the facts surrounding the accident and her injuries, counsel for the defendants began the cross-examination by asking her when she first contacted her attorney in connection with making a claim for the injuries. She replied that her husband had contacted her brother-in-law, who is an attorney, within a week after the accident. The following then occurred:

By Mr. Hahn:
"*Q*. . . . were you involved in an accident in March of 1960? *A*. Yes.

"*Q*. And did that accident occur while you were an operator of an automobile?"

By Mr. Strnad:
"I will object to that; irrelevant, if her husband or brother or anybody else was operating the automobile, so far as this accident is concerned."

By the Court:
"Objection overruled. Witness may answer. This is limited, of course, to being tied up to the present injuries. All right, proceed."

By Mr. Hahn:
"*Q*. The question is, you were in an automobile accident in March of 1960? *A*. I was seated behind the wheel of one.

"*Q*. And that automobile was struck from the rear, was it not? *A*. While I was parked.

"*Q*. The question is, that automobile was struck from the rear, was it not? *A*. Yes.

"*Q*. And as a result of being struck from the rear, you claim that you sustained certain injuries in that accident? *A*. I did.

"*Q*. And in connection with that accident you, in fact, made a claim, did you not? *A*. Yes.

"*Q*. And in connection with that accident you were represented by Mr. Strnad, were you not? *A*. No."

By Mr. Strnad:
"I object to all of this as irrelevant and immaterial, if we represented them one or a hundred times before. It has nothing to do that's relevant with this action."

After hearing arguments of counsel outside the presence of the jury, the trial court allowed the testimony to stand, stating that evidence of prior claims in 1960 for the same type of back injuries would be material, and that the fact that claims were made for these injuries would go to the credibility of the witness. The jury came back, and Ruth testified that she was represented by her present counsel's partner in her prior claim for back injuries. Ruth was then questioned as follows:

By Mr. Hahn:
"*Q*. You also had another injury in 1959, did you not?"

By Mr. Strnad:
"What type of injury? Object; indefinite and uncertain."

By Mr. Hahn:
"*Q*. Did you have any type of injury?"

By Mr. Strnad:
"Object; irrelevant and immaterial."

"*A*. I was pregnant at that time."

By the Court:
"Objection overruled. Witness may answer. You may answer, Mrs. Knight."

"*A*. I was pregnant in 1959 and 1960."

By Mr. Hahn:
"*Q*. . . . on April 13, 1959, did you sustain an injury which ultimately resulted in your making a claim for those injuries? Do you recall that on April 13, 1959, apparently while at a restaurant, you ate some glass?"

By Mr. Strnad:
"I object to this as irrelevant and immaterial."

By the Court:
"At this time the court will permit the witness to answer the question. Objection is overruled."

"*A.* I purchased a pie. I did not eat glass in a restaurant. I purchased a pie that was baked with ground glass by a cook who had been fired that day who baked three pies with ground glass and I did eat that pie and my son ate that pie."

By Mr. Hahn:
"*Q.* So, in answer to my question, you did have an injury claim in April of 1959? You made a claim for the injury that you had then? *A.* Yes, on the assumption—"

By Mr. Strnad:
"Just a minute. I object."

By the Court:
"Witness' answer may stand, but it would appear that this is immaterial to the rest of the issues and further exploration of the details would be foreclosed to the defendant unless there is a proper showing. . . ."

By Mr. Hahn:
"*Q.* . . . Did you fall at one time, which you claim resulted in a miscarriage, and did that occur in 1954?"

By Mr. Strnad:
"Object. Irrelevant and immaterial whether she fell and it caused a miscarriage. It has no relationship to this action."

By the Court:
"Objection overruled at this time. Can you answer the question?

"*A.* Yes, I had a miscarriage in 1954.

"*Q.* As a result of a fall? *A.* I fell in a Gas Company hole six foot deep."

By Mr. Hahn:
"*Q.* And as a result of that fall you made a claim for the injuries which you sustained?"

By Mr. Strnad:
"Object. Irrelevant and immaterial whether she made any claim."

By the Court:
"Objection is sustained."

The remainder of Ruth Knight's cross-examination concerned itself solely with facts relating to the manner in which the collision occurred.

After all the testimony was in, plaintiff Ruth Knight requested that the trial court give the following instruction to the jury:

"There has been certain testimony regarding other hospital confinements, injuries, sicknesses and pregnancies· of the plaintiff, Ruth Knight. There is no evidence that such occurrences are in any way related to the injuries in question. Therefore, you are instructed to entirely disregard any such testimony."

Neither this, nor any similar instruction was given.

After the verdict, the plaintiffs moved for a new trial on grounds (among others) that the trial court erred in allowing testimony of past accidents and claims. The motion was denied, and the trial court stated that although questions concerning previous claims were improper, there was no error in the rulings on the evidence, and the plaintiffs were not prejudiced in any way.

Respondents have advanced no argument as to why evidence of past claims should be admissible, although they do contend that the similarity between the operative mechanical forces and the injuries suffered in the 1960 accident and the forces and injuries present in the instant action, renders these matters proper subject for development on cross-examination. However, the record does not reveal that counsel made any attempt to connect the 1960 injuries to the injuries allegedly suffered as a result of the collision which is the subject of the instant action. The questions directed to the plaintiff concerning the 1960 accident concerned whether she had been driving at that time, whether she was struck from the rear, whether she had been repre-

sented by a particular attorney, etc. The only question relating to the injuries suffered in the 1960 accident was whether she had claimed "back injuries." Thus, no foundation was laid for questions dealing with the nature of the injuries suffered in the 1960 accident.

The record also contains testimony relating to past injuries wholly unrelated to the circumstances of the instant action—injuries allegedly arising out of a tumble into a gas company hole in 1954, and plaintiff Ruth Knight's eating food containing particles of glass in a restaurant in 1959. Neither of these injuries are in any way related to the injuries claimed by Ruth in the instant action, and no foundation was laid for their admission into evidence. The trial court erred in allowing such testimony to stand.

The trial court also permitted testimony as to claims filed by the plaintiff for injuries suffered in all three past accidents. It is true that counsel's objection to a question concerning a claim filed in 1954 for injuries suffered when Ruth fell into a gas company hole was sustained. However, her affirmative answers to questions dealing with alleged claims for injuries sustained in a 1960 automobile accident and in the 1959 glass-eating episode, were already in the record. While counsel did not object to the question concerning the 1960 automobile accident claim, his objection to the relevancy of any testimony as to the glass-eating episode was overruled, and the trial court permitted Ruth's testimony that she filed a claim for these injuries to stand over objection by counsel for the plaintiff.

Although the trial court evidently attempted to exclude prejudice from the proceedings by warning counsel that such questions were immaterial, and precluding further inquiry along these lines, the jury was not instructed to disregard such testimony, and, even if the jury had been so instructed, it is doubtful whether this would have been sufficient to negate the total cumulative effect of the prejudicial evidence

on the minds of the jurors. See *Schober v. Milwaukee* (1963), 18 Wis. (2d) 591, 595, 119 N. W. (2d) 316. The trial court's refusal to instruct the jury to disregard this testimony only sealed the damage that had already been done.

The record reveals substantial inconsistencies between defendant Hasler's statements at the time of the collision and his testimony at the trial, and also contains substantial medical testimony as to the extent of Ruth's injuries, yet the jury set Ruth's damages at $750, and found her 70 percent negligent. We determine, upon a reading of the record as a whole, that the trial court committed reversible error in allowing defendants' counsel to cross-examine the plaintiff Ruth Knight to show that she had, at other times, made claims against third persons for injuries sustained by her on other occasions. Because we reverse and grant a new trial on grounds of error in the admission of certain testimony, it becomes unnecessary to consider the other questions raised.

*By the Court.*—Judgment reversed, and cause remanded for a new trial upon all the issues.