■ DORIS NOURSE, Individually and as Administratrix of the Estate of ROGER NOURSE, Deceased, Appellant, v. GRACE WELSH, as Executrix of FRANCIS B. WELSH, Deceased, Respondent.— Judgment unanimously reversed on the law and facts and in the interest of justice and a new trial granted, with costs to appellant to abide the event. Memorandum: Appellant was deprived of a fair trial by the series of questions asked her upon cross-examination about prior accidents in which she had been involved. While one or two of the questions relating to injuries received in one of the prior accidents may have been proper the subject was pursued for the obvious purpose of planting in the minds of the jurors that appellant was " accident prone." This was accentuated by the denial of the trial court to strike this prejudicial testimony. Furthermore, a new trial is required because of the confusing instructions to the jury relating to the provisions of the Vehicle and Traffic Law. The accident occurred at an intersection in a rural area controlled by a traffic signal. Plaintiff was proceeding in a northerly direction and 405 feet south of the intersection on the east side of the road was a sign indicating by the use of two crossed arrows an approaching intersection. Thereunder was the legend " 20 MPH ". The parties upon the trial stipulated that the marker had been " duly erected by the State of New York". The court first charged that " this stipulation is a recitation of a duly enacted law " and a violation thereof was negligence. Subsequently, at the request of respondent's counsel the court charged the language of section 1180 (subd. [b], par. 3; subd. [c]) of the Vehicle and Traffic Law. The first-mentioned paragraph prohibited driving in excess of the maximum speed established as authorized by certain specified sections including section 1620 of the Vehicle and Traffic Law. The latter section authorized the State Traffic Commission, among other things, to establish speeds lower than 50 miles per hour but " No such maximum speed limit shall be established at less than twenty-five miles per hour." Thereafter, the jury returned and requested further instructions about " the twenty mile an hour sign." They were told that when a motorist passed the sign, he was required by law to be traveling at a rate of speed of 20 miles per hour because " that is a twenty mile per hour speed zone." All of this was error as the marker was not a " speed zone " sign (cf. 15 NYCRR 208.8), but a warning sign (15 NYCRR 230.1, 232.2) to alert motorists that they were approaching an intersection controlled by a traffic signal. This requires consideration of paragraph (b) of subdivision 2 of former section 1180 (L. 1959, ch. 775) which made unlawful a speed in excess of 20 miles per hour

"Where traffic is controlled by * * * a traffic control signal." But that section was amended by chapter 934 of the Laws of 1960, effective October 1, 1961. This amendment eliminated the former provision making unlawful a speed in excess of 20 miles per hour, substituted in place thereof a provision in subdivision (c) requiring a motorist to "drive at an appropriate reduced speed when approaching and crossing an intersection" and in paragraph 3 of subdivision (b) made it unlawful, among other things, to drive in excess of the maximum limit established pursuant to section 1620 which, as heretofore stated, prohibited the commission from fixing a speed of less than 25 miles per hour. Thus, at the time of the accident herein (June 8, 1962) the marker did not create a speed zone but in substance warned of a statutory provision that had been repealed effective October 1, 1961 — months before the accident. It is apparent that all of this resulted in hopeless confusion. Upon the new trial the statutory duty placed on plaintiff, insofar as the intersection is concerned, is set forth in section 1180 in effect on the date of the accident. Absent further proof on the subject the warning sign had no materiality or relevancy and proof thereof was improperly placed before the jury. If there should be proof that the marker was in place pursuant to a rule, regulation or order of the commission validly in existence at the time of the accident, then a violation thereof would not be negligence per se but simply some evidence of negligence (*Conte* v. *Large Scale Development Corp.*, 10 N Y 2d 20, 29). (Appeal from judgment of Oneida Trial Term in favor of defendant dismissing the complaint in an automobile negligence action.) Present — Williams, P. J., Bastow, Goldman, Noonan and Del Vecchio, JJ.