## BURNS *v.* SHIELDS

[No. 153, September Term, 1969.]

*Decided February 3, 1970.*

The cause was argued before HAMMOND, C. J., and BARNES, FINAN, SINGLEY, SMITH, and DIGGES, JJ.

Herman E. Burns in proper person.

*Thomas Waxter, Jr.,* with whom was *Semmes, Bowen & Semmes* on the brief, for appellee.

DIGGES, J., delivered the opinion of the Court.

The appellant Herman E. Burns has appealed from a $1500 jury's verdict in his favor. His case arose out of a rear end automobile collision, for which the appellee and defendant in the trial court, Marion James Shields, admitted his liability, leaving only the issue of damages for the jury's decision. Mr. Shields has offered to pay the amount of the judgment.

Although Mr. Burns was represented by counsel in the trial court, he appeared in this Court in his own behalf, contending that a number of errors were committed at the trial. In a consolidated fashion these charges of error are: 1) improper or inadequate voir dire examination of the jurors; 2) failure to transcribe the opening and closing statements of counsel; 3) various omissions in the trial court's instructions to the jury; 4) inadequacy of the verdict; 5) failure to compute interest on the judgment from the date of the accident; 6) failure to strike an examining physician's testimony as conflicting and biased; 7) conflicting rulings on admission of hearsay testimony concerning medical treatment he received and claimed property damage; 8) permitting to be incorporated in a question a perjurious statement and improper inferences concerning letters appellant sent to Baltimore City officials; and 9) improper cross-examination concerning appellant's diminished earning capacity.

Because points 1 through 5 were not raised and decided in the trial court there exists no action of that court for us to review. Maryland Rule 885. Points 6 through 9 are associated with noted objections in the trial and therefore will be individually discussed below.

Point 6 questions the qualification of Dr. Legum, an examining physician, to testify at the instance of the defendant since he was employed by the Diamond Cab Company, owner of the cab being driven by the plaintiff at the time of the accident. Mr. Burns says that a cross-examination inquiry which suggested Dr. Legum acted as physician for Diamond Cab was perjurious and was intended to buttress the medical testimony of another doctor in order to discredit appellant. He contends that because of this suggestion Dr. Legum's testimony should have been stricken. We can only note that this was not the objection registered in the trial court. Appellant's attorney objected successfully to a minor discrepancy entering the record but he made no motion to strike all or any portion of the doctor's testimony. Again there is nothing before us upon which to rule.

Point 7 is also not reviewable because the only objections made to the admission of evidence as being hearsay were correctly sustained in his favor, leaving nothing for us to correct. *Hadder v. State,* 238 Md. 341, 352, 209 A. 2d 70 (1965).

Point 8 similarly terminated in appellant's favor when the trial judge at appellant's request cut off questioning on cross-examination concerning complaints appellant sent to Baltimore City officials. If, however, the objection now made is to the mere asking of the question, we cannot consider it, since there was no objection to this effect, nor was there a request that the question be stricken and the jury instructed to draw no inference from its being asked.

As to the 9th and final point, appellant contends it was error to allow inquiry into reasons other than this accident for his diminished earning capacity. Mr. Burns tes-

tified he was unable to obtain a particularly high paying job solely because of the back injury sustained in the accident. On cross-examination he was asked if he had at one time been dismissed from federal employment for making a false statement in his job application. Judge Grady ruled this was a germane inquiry and we agree this was within the permissible scope of cross-examination. In *Smith v. Transportation Co.*, 172 Md. 42, 50, 191 A. 66 (1937) we quoted with approval the general rule as stated in 8 R.C.L., sec. 183, page 641, that

> "all evidence tending to show the character of the ordinary pursuits followed by the party injured, and the extent to which the injury has prevented and will prevent him from following them, is admissible. Hence, evidence may be adduced as to the extent and nature of the plaintiff's business or employment, his skill and ability therein, and the loss or diminution of capacity to follow it as a consequence of the injury. The rule necessarily permits an inquiry into the capacity of the plaintiff prior to the injury, including his physical condition and his ability to labor or follow his usual vocation, and evidence as to a previous disability, if any, and, as a basis for comparison, proof as to his condition since the injury."

This statement reappears in R.C.L.'s successor publication 22 Am.Jur.2d, *Damages,* sec. 95 (1965). See *Adams v. Benson,* 208 Md. 261, 270-71, 117 A. 2d 881 (1955). It stands to reason then that an inquiry tending to show something other than the injury received in the accident prevented appellant from obtaining a specific job is permissible for the purpose of rebutting the plaintiff's contrary contention.

Mr. Burns also objected to and moved to strike all testimony relating to his stay at Spring Grove State Hospital (principally a mental hospital). Although this inquiry was curtailed by the trial court, it had a direct

bearing on his earning capacity prior to the accident. Moreover, his failure to mention this hospitalization was the very subject of the charge that he had made the false statement in the job application mentioned above. In either case we find that under *Smith v. Transportation Co., supra,* an inquiry into prior disabilities to demonstrate an already impaired earning capacity includes both physical and mental disabilities.

Finding no error, the judgment will be affirmed.

*Judgment affirmed. Costs to be paid by appellant.*