536 P.2d 1098

**Brenda MARTINEZ and Thomas Martinez, Plaintiffs-Appellants,**

**v.**

**David R. KNOWLTON and Reeves E. Knowlton, Defendants-Appellees.**

**No. 1671.**

Court of Appeals of New Mexico.

April 9, 1975.

Rehearing Denied April 22, 1975.

Certiorari Denied June 3, 1975.

Avelino V. Gutierrez, Albuquerque, for plaintiffs-appellants.

Eugene E. Klecan, John A. Klecan, Klecan & Roach, P.A., Albuquerque, for defendants-appellees.

## OPINION

HENDLEY, Judge.

Plaintiffs, father and daughter, recovered judgment from defendants in the respective amounts of $2,000.00 and $770.00. Plaintiffs appeal. Plaintiff, father, asserts that the trial court erred in admitting evidence that he received sick-leave pay during the time he was unable to work due to an automobile accident allegedly caused by defendants' negligence. This amount equaled his regular salary. Plaintiff, father, also contends that the trial court erred in not admitting evidence of lost earnings in addition to his salary. Both plaintiffs appeal asserting it was error to receive evidence, over objection, concerning previous injuries and physical conditions. We reverse.

*Plaintiff Father—sick-leave pay.*

Plaintiff testified he lost 185 hours of work after the accident and that this amount of time, based on his salary, equated to $1,060.00. He testified on cross-examination, over objection, that he received his regular salary during this time and further that it was in the nature of sick-leave pay.

Defendant contends that this was permissible cross-examination "since it tended to prove whether Mr. Martinez was off work." We disagree. The only relevant issue was whether plaintiff was unable to work, not whether he was paid during the time he was not working. It was error to admit into evidence testimony regarding his employer's payment of wages or sick-leave pay while plaintiff was unable to work due to his injury. Such evidence violates the collateral source rule. Trujillo v. Chavez, 76 N.M. 703, 417 P.2d 893 (1966).

■ As our Supreme Court stated in *Mobley v. Garcia*, 54 N.M. 175, 217 P.2d 256 (1950):

". . . The right of redress for wrong is fundamental. Charity cannot be made a substitute for such right, nor can benevolence be made a set-off against the acts of the tort-feasor. [Citations omitted]."

To *Mobley* we add that a tort-feasor should not get the benefit of the contract between the employee and the employer. Annot., 52 A.L.R.2d 1451 (1957).

*Plaintiff Father—lost earnings.*

Since the cause must be remanded for a new trial we answer plaintiff, father's, point relating to lost earnings in addition to his regular salary. Plaintiff had been "moonlighting" as a surveyor. In this connection he attempted to introduce a document which represented his calculations of how much extra money he had earned from surveying in the three months prior to the accident. He also attempted to introduce his Schedule C tax form to show how little he earned from the same source in the year following the accident. The court refused to admit the first document because it covered too short a period of time. Plaintiff then chose not to introduce the Schedule C since its relevance depended on establishing how much the plaintiff earned before the accident.

■ The general rule with regard to evidence of pre-injury earnings and a subsequent post-injury decrease in earnings is that plaintiff may put in evidence of actual pre-injury earnings for a reasonable period of time and evidence of the post-injury decrease in earnings. However, what is a reasonable period of time depends on the facts of each case. The determination of what is a reasonable period of time is a matter of judicial discretion and will not be overturned in the absence of an abuse of discretion. *Jacobsen v. Poland*, 163 Neb. 590, 80 N.W.2d 891 (1957); See generally Annot., 81 A.L.R.2d 733 (1962).

■ Most cases generally speak in terms of years and usually speak in terms of remoteness rather than recency. Here, plaintiff's evidence went to the three months prior to the injury. The trial court held that the time involved was too recent. We cannot say, as a matter of law, that the trial court abused its discretion in not admitting plaintiff's offered evidence.

*Plaintiffs, Father and Daughter—prior injuries.*

Defendants, over plaintiffs' objection, elicited testimony of prior injuries of both plaintiffs. A review of the record fails to reveal that the previous injuries were medically connected to the subsequent injuries. The uncontradicted testimony by both plaintiffs was that they had completely recovered from the prior injuries. Plaintiffs' medical expert testified that the injuries complained of were caused by the collision with the defendants.

■ Defendants contend that the inquiry into plaintiffs' prior injuries was proper because it was relevant to the proximate cause of the plaintiffs' complaints and because of the physical proximity of the complaints. Defendants appear to argue on the grounds that plaintiffs had a pre-existing condition. The record only discloses that the plaintiffs were fully recovered from their prior injuries. Failure to find the extent to which a pre-existing condition had been aggravated served as ground for reversal in *Alvillar v. Hatfield*, 82 N.M. 565, 484 P.2d 1275 (Ct.App.1971). Absent such a showing, testimony about previous injuries and physical conditions, not causally connected to the subject claims is not admissible. *Kantor v. Ash*, 215 Md. 285, 137 A.2d 661 (1958); See *Alvillar v. Hatfield, supra*; See generally Annot., 69 A.L.R.2d 593 (1960). The admission of such testimony was prejudicial for it tended to minimize the extent of plaintiffs' injuries by portraying them as constantly beleaguered with medical problems in any event. Cf. *Browning v.*

King, 159 Cal.App.2d 326, 324 P.2d 14 (1958).

Defendants contend that even if the admission of such testimony was prejudicial, the objections thereto were not sufficient to preserve the issue for review. Defendants contend that a motion for a mistrial was necessary in order to preserve the error. We disagree.

The declaration of a mistrial is a ruling which in effect states, as a matter of law, that the trial cannot stand because of the disregard of some fundamental prerequisite. Illinois Oil Co. v. Grandstaff, 118 Okl. 101, 246 P. 832 (1926); See generally 58 C.J.S. Mistrial p. 833 (1948) and cases cited therein.

Defendants' reliance on Frank Bond & Son, Inc. v. Reserve Minerals Corp., 65 N.M. 257, 335 P.2d 858 (1959), for the proposition that under the circumstances of the instant case a motion for a mistrial is required, is misplaced. The rule in *Bond* is simply that matters which are not of record will not be considered on appeal.

Plaintiffs made their objections in accordance with R.C.P. 46, § 21–1–1(46), N.M.S.A. 1953 (Repl. Vol. 4, 1970). The objections were sufficiently definite to alert the trial court to the claimed vice and to preserve the issue for appeal. Section 21–2–1(20), N.M.S.A.1953 (Repl. Vol. 4, 1970) superseded by § 21–12–11, N.M.S.A. 1953 (InterSupp.1974) effective April 1, 1974. Further, plaintiffs' motion for a new trial also alerted the trial court to the claimed vice. The admission of the testimony was reversible error as to both plaintiffs.

Reversed and remanded.

It is so ordered.

HERNANDEZ, J., concurs.

SUTIN, J., dissents.

SUTIN, Judge (dissenting).

I dissent.

The majority of the Court reversed this case because defendants elicited testimony of prior injuries of both parties. Upon what basis this evidence was prejudicial is a mystery, because this claimed error was not preserved for review.

Defendants are fortified by a jury verdict and by the judgment of the trial court, the most favored position known to the law. The judgment of the trial court must be affirmed if any reasonable basis therefor appears in the record. Mr. Justice Brandeis said long ago:

> Appellate Courts should be slow to impute to juries a disregard of their duties, and to trial courts a want of diligence or perspicacity in appraising the jury's conduct.

Fairmount Glass Works v. Cub Fork Coal Company, 287 U.S. 474, 485, 53 S. Ct. 252, 255, 77 L.Ed. 439, 445 (1933).

Plaintiffs' sole complaint is that the damages awarded by the jury were too low. I disagree on two grounds: (1) A review of the record satisfies me that no error was preserved for review and that plaintiffs had a fair trial. (2) The amount of damages awarded by the jury was not inadequate.

**(1) *Review of the Record.***

On review, our primary objective is to decide whether the parties had a fair trial. The trial of a law suit is an art, the study of a lifetime. Lawyers paint their positions before judge and jury. The painting may be sharp and bitter; or it may be calm and unemotional. The jury decides whose painting wins the contest. A review of the record satisfies me that the plaintiffs won in a fair trial. They have no cause for complaint in this Court. Plaintiffs claim the trial court erred in allowing cross-examination as to plaintiffs' prior injuries.

On evidentiary matters relative to prior injuries, plaintiffs never claimed prejudicial error. Adequate instructions on damages tendered by plaintiffs, were given for their protection. Plaintiffs did not tender an instruction on the issue of prior injuries. No motion for a mistrial was made.

No motion was made to strike any testimony on prior injuries. No motion was made that defendants' cross-examination of plaintiffs was prejudicial error. Neither was any request made that the court admonish the jury. In summary, the trial court was never informed of any claim of prejudice.

The record shows that the plaintiffs embellished the prior injuries on re-direct examination. Prior surgery on Mr. Martinez was developed by plaintiffs, not defendants. Attempts were made to lessen the effect of prior injuries.

No one but the jurors knows the effect upon their verdict of the introduction of this evidence. I outlined the difficulties inherent in applying the "harmless error" rule to the jury process in my concurring opinion in Maxwell v. Santa Fe Public Schools, 87 N.M. 383, 534 P.2d 307 (Ct. App.1975). Differences among the jurors as to how to view the evidence are unknown to appellate judges; these differences are often subtle. The nuances, shades of differences in the minds of a jury are varied and unknown after it arrives at a verdict. Plaintiff had joined issue with defendant on prior injuries and cannot urge error in its admission. See Eickmann v. St. Louis Public Service Co., 363 Mo. 651, 253 S.W.2d 122 (1952). Plaintiffs simply gambled the verdict of the jury. Dissatisfied with that verdict, they now claim it was too low.

The scope and extent of the cross-examination rests largely in the sound discretion of the trial court. Francis v. Johnson, 81 N.M. 648, 471 P.2d 682 (Ct.App.1970). There was no abuse of discretion in this case.

The plaintiffs rely on a series of cases in which error *was* preserved for review. In Kantor v. Ash, 215 Md. 285, 137 A.2d 661, 69 A.L.R.2d 585 (1958), prejudicial error arose because the court denied plaintiff's requested instruction that the evidence of several prior accidents had nothing to do with the issue involved in the case being tried. To the same effect, see

Knight v. Hasler, 24 Wis.2d 128, 128 N. W.2d 407 (1964). In Marut v. Costello, 34 Ill.2d 125, 214 N.E.2d 768 (1965), the case was reversed on an improper instruction on prior injuries.

In Nourse v. Welsh, 23 A.D.2d 618, 257 N.Y.S.2d 96 (1965) prejudicial error arose because the court denied plaintiff's motion to strike testimony of injuries received in prior accidents. To the same effect, see Burns v. Shields, 256 Md. 537, 261 A.2d 161 (1970).

In the instant case, no such prejudicial error was preserved for review. See Gildehaus v. Jones, 356 Mo. 8, 200 S.W.2d 523 (1947).

Even if a suggestion were made that the cross-examination of plaintiffs was improper, I am not convinced it was prejudicial error. Phillips v. Kitt, 110 U.S.App. D.C. 186, 290 F.2d 377 (1961); Niles v. Steiden Stores, 301 Ky. 80, 190 S.W.2d 876 (1945).

(2) *The amount of damages awarded was not grossly inadequate.*

After judgment was entered, plaintiffs moved for an additur; in the alternative, for a new trial on the issue of damages alone; in the alternative, for a new trial on all issues. The motions were denied. Ruling as to these motions rests within the sound discretion of the trial court and is not reviewable in the absence of clear abuse. Stehwein v. Olcott, 78 N.M. 95, 428 P.2d 634 (1967). Here, there was no abuse of discretion.

In *Fairmount*, supra, Justice Brandeis said:

Clearly the mere refusal to grant a new trial where nominal damages were awarded is not an abuse of discretion. This Court has frequently refrained from disturbing the trial court's approval of an award of damages which seemed excessive or inadequate, and the circuit courts of appeals have generally followed a similar [policy]. 287 U.S. at 485, 53 S.Ct. at 255–56, 77 L.Ed. at 446.

In New Mexico, however, on review, we have dropped from consideration the phrase "abuse of discretion" by the trial court in determining whether the verdict was excessive.

Excessive verdicts have been found. Remittiturs have been ordered, or in the alternative, a new trial has been granted on damages only, or a new trial has been granted on all issues. Hanberry v. Fitzgerald, 72 N.M. 383, 384 P.2d 256 (1963); Jackson v. Southwestern Public Service Company, 66 N.M. 458, 349 P.2d 1029 (1960); Vivian v. Atchison, Topeka and Santa Fe Railway Co., 69 N.M. 6, 363 P.2d 620 (1961); Montgomery v. Vigil, 65 N.M. 107, 332 P.2d 1023 (1958); Montgomery Ward v. Larragoite, 81 N.M. 383, 467 P.2d 399 (1970).

Jury verdicts have also been held not to be excessive. Francis v. Johnson, supra; Schrib v. Seidenberg, 80 N.M. 573, 458 P.2d 825 (Ct.App.1969); Sweitzer v. Sanchez, 80 N.M. 408, 456 P.2d 882 (Ct.App. 1969); Massey v. Beacon Supply Company, 70 N.M. 149, 371 P.2d 798 (1962); Williams v. Yellow Checker Cab Co., 77 N.M. 747, 427 P.2d 261 (1967).

On review of "excessive" verdicts, appellate courts have set themselves up as a jury to determine, from a cold record, the amount of damages to which a plaintiff is entitled. Remittiturs have been ordered in amounts up to $124,000. This has been done without standards from which to work, without comparison with other verdicts, without disclosure by appellate judges of their own experience and capacity to evaluate damages for injuries or death.

Reasons have not been stated why appellate judges feel themselves to be more qualified than juries to determine the amount of damages. If the jury verdict "appears" excessive to appellate judges, they find words in the English language with which to sustain their position. They state: We have determined the issue as a matter of law, not from "weighing" the evidence, but from "reviewing" the evidence.

This is a distinction without a difference. What would our attitude be on review in the event that a new trial was requested by a plaintiff and the jury awarded a larger amount in the second trial?

Before we can review the excessiveness of a verdict, the defendant must raise this issue by motion at trial. If the trial court denies the motion, we should then determine if the trial court abused its discretion by acting beyond the bounds of reason.

In the present case, we are confronted with a contention that the verdict was inadequate. The same rule applies here that applies to a contention of an excessive verdict. Hammond v. Blackwell, 77 N.M. 209, 421 P.2d 124 (1966); Schrib v. Seidenberg, supra.

In *Hammond*, the Court stated:

It is fundamental that the assessment of damages in a case of the kind involved here is a function of the trier of facts. An inadequate award will not be disturbed on appeal unless it appears to have resulted from passion, prejudice, partiality, undue influence or some corrupt cause or motive, where there has been palpable error or the measure of damage has been mistaken. [77 N.M. 212, 421 P.2d 126]

None of these criteria appear in the present case. Paraphrasing Terrel v. Lowdermilk, 74 N.M. 135, 141, 391 P.2d 419, 423–24 (1964), in light of *Hammond*:

Even though this court, or the individual members thereof, might feel that the award is too [low], this does not, of itself, warrant our interfering with the judgment and we [should] decline to do so.

The jury verdict was not inadequate.

(3) *The admission and exclusion of evidence was not prejudicial error.*

(a) *Admission*

Plaintiffs claim that, on cross-examination, the court allowed evidence, over objection, that Mr. Martinez received sick pay for the amount of lost earnings. This is not supported in the record.

(b) *Exclusion*

Plaintiffs claimed the trial court erred in excluding (1) an exhibit prepared by Mr. Martinez which showed that for three months prior to the accident, he earned $1,074.00 as a surveyor, and that for the remainder of the year he earned $263.50; (2) Schedule C, one page of Mr. Martinez' 1971 income tax return, showing extra earnings of $684.00.

The trial court ruled correctly. See Nichols v. Sefcik, 66 N.M. 449, 349 P.2d 678 (1960); Brown v. General Insurance Company of America, 70 N.M. 46, 369 P.2d 968 (1962).