■ ALLAN JEMISON, as Administrator of the Estate of CARLTON JEMISON, Deceased, et al., Appellants, v PETER T. GOODMAN, Respondent. (Appeal No. 1.)—Judgment unanimously affirmed, with costs. Memorandum: These are appeals from judgments in the above entitled actions following a jury verdict. In Action No. 1, which was one for wrongful death, the jury returned a verdict of no cause of action. In Action No. 2 the jury returned a verdict for the plaintiff in the sum of $5,150 with interest from May 13, 1972 together with costs and disbursements as taxed in the sum of $193.40 for injury and property damages based upon the negligence of the defendant. The actions arise out of a collision occurring on Route 62 in the Town of Eden at approximately 11:30 P.M. on Saturday, May 13, 1972 between a vehicle owned and operated by the appellant Frances Jemison and a vehicle owned and operated by the respondent Peter Goodman, each vehicle proceeding in opposite directions. There were no eye witnesses to the accident.

Appellant claims that serious error was committed when the trial court withdrew from jury consideration of section 1126 of the Vehicle and Traffic Law which had been previously charged in conjunction with sections 1120 and 1125 (subd [a], par 1) of that statute. While it was error for the court to withdraw this section from the jury's consideration *(Mertens v Agway, Inc., 278 F Supp 95)*, it does not constitute reversible error in this case since the substance of the provision was substantially covered by the charge read as a whole *(Tidd v Skinner,* 225 NY 422; 8 Carmody-Wait 2d, NY Practice, § 57:6, p 282). Despite the erroneous withdrawal of section 1126 of the Vehicle and Traffic Law from the jury's consideration, the general verbiage of the court's charge combined with the reading of sections 1120 and 1125 (subd [a], par 1), shows that the jury was correctly charged as to the applicable duties and obligations of motorists approaching one another in opposite directions on a public highway. Defendant's reliance on *Nourse v Welsh* (23 AD2d 618) is unfounded. In that case this court stated (p 619): "It is apparent that all of this resulted in hopeless confusion." Such is not the situation in the case before us. Other contentions relative to the court's charge were not objected to in accordance with CPLR 4017 and 5501 (subd [a], par 3) and, therefore, cannot be considered by us unless the error is so fundamental as to require reversal of judgment and a new trial "in the interest of justice". *(Belles v Walter,* 32 AD2d 866; *B. & F. Leasing Co. v Ashton Cos.,* 42 AD2d 652.) The charge as a whole was correct and the alleged errors to which no objection was made were not of a character that would bring us within the ambit of *Johnson v Blaney* (198 NY 312). (Appeal from judgment of Erie Supreme Court in automobile negligence action.) Present—Marsh, P. J., Moule, Mahoney, Goldman and Witmer, JJ.