Stanley BRADLEY, Plaintiff,

v.

**SOO LINE RAILROAD COMPANY, a Corporation, Defendant.**

Stanley BRADLEY, Plaintiff,

v.

**SOO LINE RAILROAD COMPANY, a Corporation, Defendant.**

Civ. A. Nos. 79–C–281, 79–C–618.

United States District Court,
E. D. Wisconsin.

Nov. 7, 1980.

---

James A. Johnson, Rhinelander, Wis., for plaintiff.

Reginald W. Nelson, Milwaukee, Wis., for defendant.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

The above-entitled actions are personal injury claims brought by the plaintiff Stanley Bradley under the Federal Employers' Liability Act, 45 U.S.C. §§ 51–60, against his former employer, the Soo Line Railroad Company.

In C.A.No. 79–C–618, which is assigned to Judge Robert W. Warren, the plaintiff seeks to recover damages for an injury to his shoulder and arms, which injury he allegedly sustained on August 11, 1976, when he stepped into a hole which was left when a telephone pole was removed by the defendant. In C.A.No. 79–C–281, which is assigned to this branch of the court, the plaintiff seeks to recover damages for an injury to his back, which injury he allegedly

sustained on November 23, 1977, when he slipped in the snow while trying to move a railroad car. The plaintiff ceased work on December 12, 1977, and he claims in each action that the injury which he sustained and which is asserted as the basis for recovery in that action caused him to lose wages, affected his future earning capacity, and resulted in a loss of ability to pursue his normal occupation. In a deposition taken of the plaintiff in C.A.No. 79–C–281, the plaintiff testified that his shoulder and his back injuries were the two principal reasons for his stopping work.

The defendant has filed a motion in C.A.No. 79–C–618 to consolidate the two actions for trial[1] on the grounds that because plaintiff's damage claims in the two actions overlap in that he is seeking to recover for lost earning capacity and loss of wages in both, the defendant will be prejudiced if the plaintiff is allowed two chances to recover for the same loss. The defendant also argues that because many of the witnesses will be the same and it will introduce evidence of both injuries in both cases, there will be a substantial saving of time and judicial resources if the cases are tried together. The plaintiff, who opposes the motion, argues that he will be greatly prejudiced if a single jury hears that he is pursuing two separate claims against his employer because the jury will perceive him as claim–minded and will be less inclined to find merit in his claims. He also argues that he will be prejudiced in that a single jury will be unable to sort out the issue of liability with respect to the separate injuries and the issue of the separate damages to which the plaintiff is entitled as a result of each injury.

The second argument is unpersuasive. The problem of sorting out any damages and loss attributable to each injury will arise whether the cases are tried to one or to separate juries and can be dealt with by appropriate instructions. The defendant's argument on judicial economy is like-wise unpersuasive unless consolidation can be ordered with minimal prejudice to either party. The defendant's most persuasive argument for consolidation is that while the plaintiff will have to prove defendant's liability as to each of the two injuries, and in that respect separate trials will not prejudice the defendant, the plaintiff will have two chances to prove up the amount of wage loss if the cases are not consolidated. The plaintiff's most persuasive argument is that he will be prejudiced if the jury is informed that he is seeking to recover for two instances of supposed negligence by the defendant. On balance, I find the plaintiff's argument to be more persuasive, based upon the record before me, and therefore the defendant's motion for consolidation will be denied.

Rule 42 of the Federal Rules of Civil Procedure provides in part:

"(a) Consolidation. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."

The decision whether or not to consolidate is one within the sound discretion of the district court. *Moten v. Bricklayers, Masons and Plasterers International Union of America*, 543 F.2d 224 (D.C.Cir.1976); *In re Air Crash Disaster at Florida Everglades on December 29, 1972*, 549 F.2d 1006 (5th Cir. 1977). Rule 42 is designed to encourage consolidation where a common question of law or fact is present, 9 Wright and Miller's Federal Practice and Procedure § 2383 at 260–261 (1971); *Close v. Calmar Steamship Corp.*, 44 F.R.D. 398 (E.D.Pa.1968); *Ellerman Lines, Ltd. v. Atlantic & Gulf Stevedores, Inc.*, 339 F.2d 673, 675 (3d Cir. 1964); but consolidation should not be granted where it would cause prejudice to a party. *United States v. Knauer*, 149 F.2d 519, 520

---

1. The local practice in this district is that when a motion to consolidate two cases pending before different judges in the district is filed, the judge to whom the lower numbered case is assigned decides the motion and retains the cases if the motion is granted.

(7th Cir. 1945), aff'd 328 U.S. 654, 66 S.Ct. 1304, 90 L.Ed. 1500; 5 Moore's Federal Practice ¶ 42.02 at 42–17 through 42–19 (1980).

"Actions between the same parties on closely related torts arising from the same occurrence may be consolidated." 9 Wright and Miller's, supra, § 2384 at 263–264. I have not, however, found any authority with respect to the issue of consolidation of actions between the same parties on entirely distinct torts arising from separate occurrences, i. e., with entirely separate liability issues but with a common issue of fact as to the extent of the plaintiff's economic loss. While such a consolidation would be within the literal language of Rule 42, it raises the question whether the plaintiff would be unduly prejudiced due to the increased likelihood that the jury would perceive of him as litigious because of the multiple claims and, therefore, whether consolidation would be an abuse of the court's discretion under those circumstances.

Since no one disputes in these two cases that evidence of both injuries will be admissible at both trials if they are held separately, the issue then arises whether evidence of both legal claims would also be admissible.[2] If so, then there would be no greater prejudice to the plaintiff if the actions are tried together than separately.

There is no clear–cut ruling in this circuit on the issue.[3] Professor McCormick in his text on Evidence (2d ed. 1972) states with reference to similar previous claims of a party which are offered against him at trial:

"In this area the need for the exposure of fraudulent claims comes in conflict with the need for the protection of innocent litigants from unfair prejudice. At two extremes the practice is fairly well agreed on. Thus, when it is sought to be shown merely that the plaintiff is a chronic litigant, or a chronic personal injury litigant, the courts consider that the slight probative value is overborne by the danger of prejudice, and they exclude the evidence. At the other extreme, if it is proved not merely that the party has made previous claims or brought suits but that the former claims were similar to the present claim and were false and fraudulent, then the strong relevance of these facts to evidence the falsity of the present claim is apparent and most courts admit them.

"The intermediate situation is the difficult one. The evidence offered is that the present party, now suing for a loss claimed to be accidental, such as a loss of property by fire, or personal injury in a collision, has made repeated previous claims of similar losses. Here the relevance is based on the premise that under the doctrine of chances repeated injuries of the same kind are unlikely to happen to one person by accident. On the other hand this kind of evidence is prejudice–arousing and standing alone would seldom be sufficient to support a finding of fraud. * * *" Ch. 18, § 196 at 466–467.

See also IIIA Wigmore on Evidence (Chadbourn rev. 1970) § 963; 69 A.L.R.2d at 593–620, "Cross–examination of plaintiff in personal injury action as to his previous injuries, physical condition, claims, or actions," and compare *Mintz v. Premier Cab Ass'n, Inc.*, 127 F.2d 744 (D.C.Cir.1942) (evidence of two additional unrelated personal injury claims filed within the previous two years admissible so that the jury could determine whether plaintiff "was merely unlucky or was 'claim–minded,'" 127 F.2d at

---

**2.** As the judge who must decide the motion to consolidate, I must take into account how, in my opinion, a joint trial or separate trials are likely to be conducted. Nothing in this opinion, however, is intended to, nor could it, preclude Judge Warren from handling in the manner he sees fit any evidentiary matters which may arise during the trial of the action assigned to him.

**3.** In *Myrtle v. Checker Taxi Company, Inc.*, 279 F.2d 930 (7th Cir. 1960), the Seventh Circuit found it to be within the "allowable discretion" of the district court to admit evidence during the cross–examination of the plaintiff as to her prior injuries. The nature of her prior injuries and of those forming the basis for the suit are not described, nor is it clear whether plaintiff had filed suit on any of the prior injuries.

745), and *Frank R. Jelleff, Inc. v. Braden,* 233 F.2d 671, 675 n. 3 (D.C.Cir.1956) (relying on *Mintz*), with *Testa v. Moore–McCormack Lines, Inc.,* 229 F.Supp. 154, 158–159 (S.D.N.Y.1964) (evidence of a previous similar incident inadmissible as too prejudicial where there was no showing that the incident had not in fact occurred, nor that the plaintiff had made a series of claims), and *Knight v. Hasler,* 24 Wis.2d 128, 128 N.W.2d 407 (1964) (evidence of three past personal injuries resulting in the filing of two claims should have been excluded as immaterial and unduly prejudicial).

The commentators in 69 A.L.R.2d, supra, at 597, state that most cases "recognize, that the plaintiff may be cross–examined as to his previous injuries, physical condition, claims, or actions for injuries of a nature similar to those involved in the present action, for the purpose of showing that his present physical condition is not the result of the accident sued on, but was caused, wholly or partially, by an earlier injury or pre–existing condition." See also page 600. Thus, in *Schmit v. Sekach,* 29 Wis.2d 281, 291–292, 139 N.W.2d 88 (1966), the Court held testimony as to previous medical treatment of the plaintiff for a stomach ailment properly admissible where the plaintiff was claiming damages for a stomach injury as a result of an accident caused by the defendant's negligence. There is no argument in this case, however, that evidence of both injuries is not admissible. In *O'Shea v. Jewel Tea Co.,* 233 F.2d 530, 532 (7th Cir. 1956), the Court held that testimony as to a prior injury to plaintiff's foot should have been admitted both because the evidence might "have tended to show that the present condition of plaintiff's right foot was partially or wholly due to the injury suffered in the prior accident" and also because it "would have seriously reflected on the plaintiff's veracity." But in *O'Shea,* the plaintiff had lied about having a pre–existing foot injury.

■ In this case, there is no evidence in the record that the plaintiff is making either of his claims in bad faith or that he is a chronic litigant. I do not believe that two claims are sufficient to establish a pattern of litigiousness. On the other hand, I do believe that the admission into evidence during the trial of a personal injury suit brought by a plaintiff against his employer of evidence about even one more claim filed by the plaintiff against the same employer would be prejudicial. Therefore, the evidence of that second claim, as opposed to a second injury which has contributed to the plaintiff's damages, should not be admitted at the trial of the other claim under these circumstances because its prejudicial effect would outweigh its probative value. Were these actions consolidated, the jury would know that the plaintiff is seeking to prove the liability of his employer on two occasions. If they are tried separately, the jury need know only that the plaintiff was injured twice and the cause of the second injury will not be in issue.

For the foregoing reasons,

IT IS ORDERED that the motion of the defendant Soo Line Railroad Company, filed in C.A.No. 79–C–618 to consolidate that action with C.A.No. 79–C–281, is DENIED.